771 N.W.2d 571 (2009)
278 Neb. 527
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Kristine D. Corcoran FRYE, respondent.
No. S-09-139.
Supreme Court of Nebraska.
September 4, 2009.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*572 PER CURIAM.

INTRODUCTION
Respondent, Kristine D. Corcoran Frye, was admitted to the practice of law in the State of Nebraska on April 8, 1983, and at all times relevant, was engaged in the private practice of law in Des Moines, Iowa. On February 9, 2009, the Counsel for Discipline filed formal charges against respondent. The formal charges set forth three counts that included charges that respondent violated the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. § 3-505.5 (unauthorized practice of law; multijurisdictional practice of law), § 3-508.1 (bar admission and disciplinary matters), and § 3-508.4 (misconduct). Respondent was also charged with violating Neb. Ct. R. § 3-321 (reciprocal discipline), as well as her oath of office as an attorney, Neb.Rev.Stat. § 7-104 (Reissue 2007).
On May 18, 2009, respondent filed a conditional admission under Neb. Ct. R. § 3-313, in which she knowingly did not challenge or contest the facts set forth in the formal charges and waived all proceedings against her in connection therewith in exchange for a stated form of consent judgment of discipline outlined below. Upon due consideration, the court approves the conditional admission.

FACTS
In summary, the formal charges stated that respondent maintained an inactive membership in the Nebraska State Bar Association until December 31, 2003. In July 2004, the Nebraska Supreme Court suspended respondent from the practice of law in Nebraska for nonpayment of her bar association dues. The formal charges stated that on August 28, 2008, respondent filed four lawsuits in the district court for Lancaster County as follows: "John Davis v. Jackie Luden, CI-08-3849; Tax Properties, Inc. v. Marcella Barber, CI-08-3850; Christine Frank v. Icye Herman, CI-08-3851; and, John Davis v. Edna M. Smith, CI-08-3852." When the judges assigned to the cases became aware that respondent was a suspended member of the Nebraska bar, the judges dismissed the cases sua sponte.
Count I of the formal charges alleges that based on these facts, respondent had violated §§ 3-505.5 and 3-508.4 and her oath of office as an attorney licensed to practice law in the State of Nebraska.
After being advised of these facts, the Counsel for Discipline sent respondent a letter via certified mail on September 2, 2008, at her Des Moines office. The letter advised respondent that a grievance had been filed against her for engaging in the unauthorized practice of law. The Counsel for Discipline directed respondent to submit an appropriate written response to the grievance within 15 working days pursuant to Neb. Ct. R. § 3-309(E). This letter was signed as received on September 4. By October 10, respondent had not submitted any written response to the Counsel for Discipline, so a reminder letter was sent to her. By October 29, the respondent still had not replied to the Counsel for Discipline, so another reminder letter was sent via certified mail to her Des Moines office address. The return receipt for this letter was signed on October 31. As of February 9, 2009, the date the formal charges were filed, respondent had not responded to the Counsel for Discipline's request.
Count II of the formal charges alleges that respondent's failure to respond to the Counsel for Discipline's inquiries was in violation of §§ 3-309(E) and 3-508.1 and Neb. Ct. R. § 3-303(B), and a violation of her oath of office as an attorney licensed to practice in the State of Nebraska.
*573 During the course of its investigation, the Counsel for Discipline became aware that respondent had been the subject of disciplinary actions in Iowa for failing to respond to inquiries by the Iowa Supreme Court Attorney Disciplinary Board and failing to comply with the Iowa Supreme Court's rules on continuing education. Respondent did not advise the Counsel for Discipline of the Nebraska Supreme Court of these disciplinary actions.
Count III of the formal charges alleges that the failure to advise the Counsel for Discipline of these disciplinary actions was in violation of § 3-321 and a violation of her oath of office as an attorney licensed to practice law in the State of Nebraska.

ANALYSIS
Section 3-313 provides in pertinent part:
(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.
Pursuant to her conditional admission, respondent knowingly does not challenge the allegations in the formal charges in exchange for a suspension of 90 days, and upon reinstatement, to probation for 1 year from the entry of the order of reinstatement, subject to monitoring by an attorney licensed to practice in the State of Nebraska who shall be approved by the Counsel for Discipline. Respondent agreed that her monitoring should be subject to the following terms:
(1) Respondent shall provide the monitor with a monthly list of cases for which respondent is currently responsible, which list shall include the following information for each case: (a) date attorney-client relationship began, (b) general type of case, (c) date of last contact with client, (d) last type and date of work completed on file, (e) next type of work and date that work should be completed on case, and (f) any applicable statute of limitations and its date.
(2) During the first 6 months of the probation, respondent will personally meet with the monitor on a monthly basis to review the case list and the status of the cases.
(3) Respondent will review with the monitor respondent's office practices and continue to work to develop efficient office procedures that protect the clients' interests.
(4) The monitor shall have the right to contact respondent with any questions the monitor may have regarding respondent's then-pending cases. If at any time the monitor believes respondent has violated the Nebraska Rules of Professional Conduct or has failed to comply with the terms of probation, the monitor shall report such violation or failure to the Counsel for Discipline.
*574 Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the formal charges, which we now deem to be established facts, and we further find that respondent violated conduct rules §§ 3-505.5, 3-508.1, and 3-508.4, and disciplinary rules §§ 3-303(B), 3-309(E), and 3-321, as well as her oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against her in connection herewith, and upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

CONCLUSION
Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated §§ 3-505.5, 3-508.1, and 3-508.4 of the Nebraska Rules of Professional Conduct, and §§ 3-303(B), 3-309(E), and 3-321 of the disciplinary rules, as well as her oath of office as an attorney, and that respondent should be and hereby is suspended from the practice of law for a period of 90 days, effective 30 days after the filing of this opinion, after which time respondent may apply for reinstatement. Should respondent apply for reinstatement, her reinstatement shall be conditioned on respondent's being on probation for a period of 1 year following reinstatement, subject to the terms agreed to by respondent and outlined above. Respondent shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF SUSPENSION.