773 N.W.2d 141 (2009)
278 Neb. 721
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
Kimberly K. CARBULLIDO, respondent.
No. S-08-1203.
Supreme Court of Nebraska.
October 16, 2009.
*142 John W. Steele, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
This is an attorney discipline case involving, among other things, repeated instances of the unauthorized practice of law on the part of the respondent, Kimberly K. Carbullido. Judgment on the pleadings was entered against Carbullido after she failed to respond to any of the allegations against her, finding that she had violated Neb. Ct. R. of Prof. Cond. §§ 3-501.1, 3-501.4, 3-505.5, 3-508.1, and 3-508.4. We address the appropriate sanction for those violations.

BACKGROUND
Carbullido was admitted to the practice of law in the State of Nebraska on September 28, 1995. She was engaged in the private practice of law in Douglas and Sarpy Counties. Her misconduct in issue stems from her repeated engagement in the practice of law while under suspension and from several convictions of driving under the influence (DUI) and driving under suspension (DUS).

*143 UNAUTHORIZED PRACTICE OF LAW
Carbullido was suspended from the practice of law on June 14, 2004, as a result of nonpayment of her Nebraska State Bar Association dues. Between the dates of her suspension and reinstatement on February 20, 2006, Carbullido was engaged in the unauthorized practice of law. She was given a private reprimand, and her license was eventually reinstated.
On July 7, 2008, Carbullido was again suspended for nonpayment of her bar dues. While suspended, she again engaged in the unauthorized practice of law. Specifically, between July 9 and 30, Carbullido signed and entered not guilty pleas on behalf of her clients in four different cases and signed and filed a pretrial motion to continue in at least one other case.
On August 1, 2008, the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, sent a letter to Carbullido advising her that it appeared that she was engaging in the unauthorized practice of law and that she needed to submit a written response to relator. Carbullido signed the return receipt for the notice on August 2, but did not file a written response.
Despite this notice, Carbullido continued to practice law while her license was suspended. According to the amended formal charges, from August 12 to September 23, 2008, Carbullido signed and filed for different clients one not guilty plea, two motions to continue, and one request for a bond review. She also appeared in court on October 28 to represent a client and enter a plea she had negotiated with the prosecutor during the time she was suspended. Carbullido did not advise any of her clients that she was operating under a suspended license to practice law.

DUI AND DUS CONVICTIONS
The investigation into Carbullido's unauthorized practice of law revealed a criminal history that included multiple DUI convictions. Specifically, as will be explained in greater detail below, Carbullido was convicted of four DUI's between November 2003 and July 2008. And, in relation to those convictions, Carbullido failed to appear for at least two hearings and failed to pay her fines on time. Carbullido was also convicted three times of DUS.
Carbullido's first DUI was charged on July 10, 2002. Her second DUI charge was filed on September 6, 2003, before the trial and conviction on her first DUI was able to take place. A joint sentencing order was imposed for the first two DUI's, giving her probation. But 11 days after the order of probation, Carbullido was ticketed for a third DUI.
Carbullido failed to appear at a hearing for the prosecution of the third DUI, and a warrant was issued for her arrest. Her counsel later appeared and obtained a continuance, and the warrant was canceled. However, Carbullido failed to appear at the rescheduled hearing, and another arrest warrant was issued. Carbullido eventually appeared voluntarily and pled guilty to the third-offense DUI charge. On September 2, 2004, she was sentenced to 24 months' probation, her license was impounded for a year, she was ordered to have a drug abuse evaluation, and she was fined $600.
On October 6, 2004, an arrest warrant was issued for Carbullido based on her failure to pay her fines. On November 29, counsel obtained a recall of the warrant and a hearing was set for March 31, 2005. Before that hearing took place, on February 24, Carbullido was ticketed for DUS. In relation to these activities, on March 30, Carbullido was charged with violating probation. Carbullido apparently did not appear *144 for the scheduled hearing on March 31, and a warrant was again issued for her arrest.
On April 28, 2005, Carbullido was stopped a second time for DUS. That eventually resulted in a conviction, and she was sentenced to probation and fined $300.
On May 20, 2005, the complaint against Carbullido for violating probation was amended to include a charge for failure to appear. On August 25, Carbullido pled guilty to the February DUS charge. She also pled guilty to the charge of violating probation. Carbullido was ordered to have an interlock device placed on her ignition, sentenced to probation, and fined $200.
On December 5, 2005, an arrest warrant was issued based on Carbullido's failure to pay the $200 fine. Carbullido finally paid all fines and costs on June 15, 2006. But on July 12, 2007, Carbullido was stopped a third time for DUS. She later pled guilty and was fined, placed on probation, and given a stayed 90-day jail sentence. She eventually received a satisfactory discharge from probation.
On July 21, 2008, Carbullido was ticketed for her fourth DUI. The record in this case does not reflect whether she has been convicted.

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record.[1] An attorney against whom formal charges have been filed is subject to a judgment on the pleadings if he or she fails to answer those charges.[2] The disciplinary rules provide that if no answer is filed, the court may dispose of the matter on a motion for judgment on the pleadings as long as an opportunity for oral argument is given before disbarment is ordered.[3] In this case, we granted relator's motion for judgment on the pleadings based on the fact that Carbullido, after receiving notice, failed to respond to the allegations against her. Carbullido failed to appear at oral argument. Relator suggests that the proper discipline for Carbullido is disbarment. We agree.
We evaluate each attorney discipline case in light of its particular facts and circumstances.[4] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[5] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding as well as all aggravating or mitigating factors.[6]
The evidence establishes that Carbullido has repeatedly violated the law, court orders, and the Nebraska Rules of Professional Conduct. Cumulative acts of attorney misconduct are distinguishable from isolated incidents, and they justify *145 more serious sanctions.[7] Indeed, we have said that ordinarily, cumulative acts of misconduct can, and often do, lead to disbarment.[8] In this case, Carbullido demonstrates a continued pattern of disregard for the rules she must abide by as a lawyer and as a law-abiding citizen. She has continued to flaunt these rules after being given multiple warnings and less severe punishments.
We also note that Carbullido failed to respond to requests from relator for information, failed to respond to the formal charges, and failed to file a brief with this court. An attorney's failure to respond to inquiries and requests for information from relator is an important matter and is a threat to the credibility of attorney disciplinary proceedings.[9] The failure to respond to formal charges in this court is of even greater moment.[10] Carbullido's failures to cooperate with relator and respond to the charges at any point during this disciplinary process indicate a disrespect for this court's disciplinary jurisdiction.[11] As there is no record of mitigating factors, we conclude that Carbullido's behavior warrants disbarment.

CONCLUSION
We order that Carbullido be disbarred from the practice of law in the State of Nebraska, effective immediately. Carbullido is directed to comply with Neb. Ct. R. § 3-316, and upon failure to do so, she shall be subject to punishment for contempt of this court. Carbullido is further directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and § 3-310(P) and Neb. Ct. R. § 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.
NOTES
[1] State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009).
[2] Id.
[3] See, id.; Neb. Ct. R. § 3-310(I).
[4] State ex rel. Counsel for Dis. v. Bouda, 278 Neb. 380, 770 N.W.2d 648 (2009).
[5] Id.
[6] See id.
[7] See State ex rel. Counsel for Dis. v. Wickenkamp, supra note 1.
[8] Id.
[9] Id.
[10] Id.
[11] See id.