State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Robert L. Keith, respondent.

___ N.W.2d ___

Filed September 13, 2013.    No. S-13-003.

Original action. Judgment of suspension.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

The conditional admission of respondent, Robert L. Keith, is before the court. Respondent was admitted to the practice of law in the State of Nebraska on April 22, 2003. On June 14, 2012, respondent was suspended from the practice of law for nonpayment of his Nebraska State Bar Association dues for 2012. He remains suspended.

On January 3, 2013, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges consisting of one count against respondent. In count I, it was alleged that by his conduct, respondent had violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-505.5(a) (rev. 2012) (unauthorized practice of law) and 3-508.4(a) (misconduct). Count I contained an additional allegation which was not admitted. As noted below, because the Counsel for Discipline has declared the discipline proposed in the conditional admission to be appropriate, we read the Counsel for Discipline's declaration to be a withdrawal of the additional allegation. On January 23, the Counsel for Discipline filed additional formal charges consisting of two additional counts against respondent. In the two additional counts, it was alleged that by his conduct, respondent had violated his oath of office as an attorney and Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence), 3-508.1(b) (bar admission and disciplinary matters), and 3-508.4(a), (c), and (d) (misconduct). Respondent filed an answer to the formal charges and additional formal charges on April 4.

On July 17, 2013, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated his oath of office as an attorney, § 7-104, and professional conduct rules §§ 3-501.3, 3-505.5(a), 3-508.1(b), and 3-508.4(a), (c), and (d), and knowingly chose not to challenge or contest the truth of the matters conditionally admitted and waived all proceedings against him in connection therewith in exchange for suspension without the possibility for reinstatement prior to January 1, 2014. Respondent's conditional admission further provided that as part of respondent's application for reinstatement, he must demonstrate that he has paid all delinquent dues to the Nebraska State Bar Association; he has completed at least 10 hours of continuing legal education, including 2 hours of ethics or professional responsibility instruction, within the 12 months immediately preceding the date of his application; he has provided proof that he has reimbursed his client, Schlecht Construction, LLC, all funds previously paid to respondent as fees; and he has paid all costs assessed against him herein.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's request for suspension and other sanctions is appropriate.

Upon due consideration, we approve the conditional admission and order that respondent continue to be suspended until January 1, 2014. Should respondent apply for reinstatement, as part of his application, respondent must demonstrate that he has paid all delinquent dues; completed at least 10 hours of continuing legal education, including 2 hours of ethics or professional responsibility instruction, within the 12 months immediately preceding the date of his application; reimbursed his client, Schlecht Construction; and paid all costs assessed against him herein.

## FACTS

*Count I.*

With respect to count I, the formal charges state that respondent had failed to pay his bar dues for 2012, such that the Counsel for Discipline sent several advisory notices to

respondent and this court issued a show cause order. On June 14, 2012, respondent still had not paid his dues, and he was suspended from the practice of law for the nonpayment of dues. After he was suspended, respondent appeared as counsel with clients in three cases on June 18 and 25.

The formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104, professional conduct rules §§ 3-505.5(a) and 3-508.4(a), and another allegation we understand to have been withdrawn.

*Count II.*

With respect to count II, the additional formal charges state that on October 3, 2012, the Counsel for Discipline received a grievance letter from a client, Schlecht Construction, alleging that respondent was retained in the fall of 2011 to incorporate the Schlecht family company. The Schlecht family paid respondent in December 2011. The additional formal charges state that at the time of filing the grievance, the family members had received numerous promises from respondent that respondent was completing work on their matter. On May 3, 2012, respondent sent an e-mail to one of the family members advising that "'everything is sent and should be on file in the next day or two.'" By the middle of June, the family members could not get an answer from respondent, so the family members checked with the Secretary of State and learned that the paperwork to incorporate the family company had not been filed. The family members themselves finalized the paperwork and filed it with the Secretary of State on June 28.

The additional formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104 and professional conduct rules §§ 3-501.3 and 3-508.4(a) and (c).

*Count III.*

Count III generally concerns respondent's failure to adequately respond to the Counsel for Discipline's inquiries regarding appearing on behalf of clients after suspension as reflected in count I and neglecting a client's matter as reflected

in count II. With respect to count III, the additional formal charges again noted that on June 14, 2012, respondent had been suspended for nonpayment of his bar dues. On June 26, the Counsel for Discipline called respondent to advise him that the Counsel for Discipline had been informed that respondent was practicing law while under suspension. Respondent indicated that he was intending to take care of matters with the Nebraska State Bar Association.

On June 27, 2012, the Counsel for Discipline sent a grievance letter to respondent via certified mail directing respondent to submit an appropriate written response addressing the allegations that he was practicing law while under suspension, as set forth in count I. Respondent received the grievance letter on June 29.

Respondent had not submitted a response by the middle of August 2012, so the Counsel for Discipline called respondent and left a voice mail message. On August 27, respondent returned the call and indicated that he would "get things straightened out" with the Nebraska State Bar Association. The Counsel for Discipline reminded respondent that he had not yet submitted a written response.

By October 31, 2012, respondent had not submitted a response to the matters set forth in count I, so a complaint was sent to him by the Counsel for Discipline pursuant to Neb. Ct. R. § 3-309(G) (rev. 2011) of the disciplinary rules. Respondent never responded to the complaint.

On October 3, 2012, the Counsel for Discipline received the grievance from the Schlecht family, as set forth in count II. On October 4, a copy of the Schlecht grievance was forwarded to respondent via certified mail along with a letter from the Counsel for Discipline directing respondent to submit an appropriate written response to the concerns raised in the grievance letter. Respondent received the Counsel for Discipline's letter and the grievance on October 11. Respondent had not submitted an appropriate written response to the Schlecht grievance by November 20, so a reminder letter was sent to respondent. As of the filing date of the additional formal charges, respondent had not submitted written responses to either grievance set forth in count I or count II.

The additional formal charges allege that respondent's actions constitute violations of his oath of office as an attorney as provided by § 7-104 and professional conduct rules §§ 3-508.1(b) and 3-508.4(d).

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. By its declaration, we understand that the Counsel for Discipline withdraws its charge to the matter not admitted. We further determine that by his conduct, respondent violated conduct rules §§ 3-501.3, 3-505.5(a), 3-508.1(b), and 3-508.4(a), (c), and (d), as well as his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent's suspension from the practice of law is continued until January 1, 2014. Should respondent apply for reinstatement, his application for reinstatement must demonstrate that respondent has paid all delinquent dues to the Nebraska State Bar Association; has completed at least 10 hours of continuing legal education, including 2 hours of ethics or professional responsibility instruction, within 12 months immediately preceding the date of respondent's application; has reimbursed his client, Schlecht Construction, all funds previously paid to respondent as fees; and has paid all costs assessed against respondent herein. Respondent shall comply with Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.