Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/05/2016 09:11 AM CDT

STATE OF FLORIDA, EX REL. DEPARTMENT OF INSURANCE OF
THE STATE OF FLORIDA, RECEIVER FOR UNITED SOUTHERN
ASSURANCE COMPANY, A FLORIDA CORPORATION
AUTHORIZED TO TRANSFER AN INSURANCE BUSINESS
IN FLORIDA, APPELLEE, V. COUNTRYWIDE TRUCK
INSURANCE AGENCY, INC., A FLORIDA
CORPORATION, ET AL., APPELLEES, AND
WILLIAM E. GAST, APPELLANT.

___ N.W.2d ___

Filed August 5, 2016.    No. S-15-515.

1. **Jurisdiction: Appeal and Error.** An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.
2. **Attorney and Client.** Persons not licensed to practice law in Nebraska are prohibited from prosecuting an action or filing papers in the courts of this state on behalf of another.
3. **Standing: Claims: Parties.** To have standing, a litigant must assert the litigant's own rights and interests.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a judgment, decree, or final order entered by the court from which the appeal is timely taken.
5. **Jurisdiction: Appeal and Error.** Where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.
6. **Jurisdiction: Recusal.** Where an attorney pursues a motion for recusal that is frivolous or made in bad faith, the district court has jurisdiction to enter a sanction under Neb. Rev. Stat. § 25-824 (Reissue 2008) when it is timely requested, regardless of whether the district court lacked jurisdiction to adjudicate the merits of the underlying dispute.
7. **Appeal and Error.** To be considered by an appellate court, an error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Affirmed.

William E. Gast, pro se.

Robert F. Craig and Anna M. Bednar, of Robert F. Craig, P.C., for appellee State of Florida.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, and Kelch, JJ.

Cassel, J.

## I. INTRODUCTION

William E. Gast appeals from a district court order sanctioning him for filing a frivolous motion to recuse the trial judge. Gast challenges the district court's jurisdiction to enter the order. We conclude that the district court had jurisdiction to sanction Gast for a frivolous motion, regardless of whether it had jurisdiction over the underlying case. We therefore affirm the district court's order.

## II. BACKGROUND

### 1. Procedural History

This case has a long and complicated procedural history, most of which is irrelevant in this appeal. Briefly summarized, this action began in 1998, when the State of Florida filed a complaint on the relation of the Department of Insurance of the State of Florida, which was appointed as receiver of United Southern Assurance Company, an insolvent insurance company. Florida named Countrywide Truck Insurance Agency, Inc. (Truck), Countrywide Insurance Agency, Inc. (Agency), and David L. Fulkerson as defendants. It alleged that Truck owed money to United Southern Assurance Company and that Fulkerson used Truck and Agency to convert that money to his personal use.

- 402 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE OF FLORIDA v. COUNTRYWIDE TRUCK INS. AGENCY
Cite as 294 Neb. 400

In the course of the litigation, this case reached this court at least three times—in 1999,[1] 2005,[2] and 2008.[3] In 2008, we reversed an order directing a verdict in favor of Florida. The state of the record makes it difficult to discern what happened next. Gast did not file a praecipe for a bill of exceptions in this appeal, and he does not cite to a bill of exceptions in his brief.

The parties' pleadings and the district court's orders in the transcript indicate that Fulkerson died in 2009 and that probate proceedings began. Diederike M. Fulkerson, Fulkerson's wife, became personal representative of Fulkerson's estate. And the estate was added as a defendant in this case. Through Diederike's filings in the probate proceeding, Florida discovered that Diederike was a partner or co-owner in Truck and Agency and that Fulkerson had transferred certain funds or assets to her before his death. Florida filed a motion for revivor in district court requesting that the court revive the action and allow it to substitute Diederike as a defendant. The district court sustained the motion for revivor, and Florida dismissed Fulkerson's estate as a party. At the conclusion of the probate proceedings, the probate court discharged Florida's cause of action against Fulkerson's estate.

### 2. Orders at Issue

#### (a) Judgment

On May 12, 2015, the district court entered an order against Truck, Agency, and Diederike. It concluded that Fulkerson fraudulently transferred the money Truck owed United

---

[1] *State of Florida v. Countrywide Truck Ins. Agency*, 258 Neb. 113, 602 N.W.2d 432 (1999).

[2] *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005).

[3] *State of Florida v. Countrywide Truck Ins. Agency*, 275 Neb. 842, 749 N.W.2d 894 (2008).

- 403 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
294 NEBRASKA REPORTS
STATE OF FLORIDA v. COUNTRYWIDE TRUCK INS. AGENCY
Cite as 294 Neb. 400

Southern Assurance Company to Agency and that he later transferred it to himself and Diederike.

Agency and Diederike, whom Gast was then representing, filed a notice of appeal on May 27, 2015, which stated their intention to prosecute an appeal from the May 12 order. The appeal was docketed in this court under case No. S-15-476 (first appeal). We later dismissed that first appeal for failure to file briefs.

### (b) Sanctions

On May 29, 2015, the district court entered an order sanctioning Gast (sanctions order) for filing a frivolous motion to recuse. It concluded that Gast's motion to recuse "was groundless and frivolous," and it ordered Gast to personally pay Florida $15,000 in attorney fees.

Gast filed a notice of appeal on June 5, 2015, and the appeal was docketed in this court as case No. S-15-515 (second appeal). The notice of appeal stated that Gast, plus Agency and Diederike, intended to prosecute an appeal from the sanctions order. But by the time that Gast filed a brief in the second appeal, his license to practice law in the State of Nebraska had been suspended. Because it was not clear from the brief whether Gast filed it in his own behalf or in a representative capacity for Agency and Diederike, we issued an order to show cause why the brief should not be stricken as having been filed by a person not authorized to practice law. After Gast responded, we ordered that we would consider Gast's brief as filed in a pro se capacity on behalf of Gast only, and not in a representative capacity as an attorney for any other party. Agency and Diederike did not file a separate brief.

### III. ASSIGNMENTS OF ERROR

Gast assigns that the district court erred in (1) "entertaining subject matter jurisdiction and entering judgment against . . . Diederike . . . and her attorney, . . . Gast"; (2) denying the motion to recuse; and (3) failing to sanction Florida.

- 404 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE OF FLORIDA v. COUNTRYWIDE TRUCK INS. AGENCY
Cite as 294 Neb. 400

## IV. STANDARD OF REVIEW

[1] An appellate court determines jurisdictional questions that do not involve a factual dispute as a matter of law.[4]

## V. ANALYSIS

[2,3] First, we note that we cannot address Gast's second and third assignments of error, because they assert claims belonging to Agency and Diederike. Gast cannot assert these claims on their behalf, because at the time he filed the brief, his license to practice law had been suspended. Persons not licensed to practice law in Nebraska are prohibited from prosecuting an action or filing papers in the courts of this state on behalf of another.[5] And Gast has no standing to assert the second and third assigned errors in his own behalf. To have standing, a litigant must assert the litigant's own rights and interests.[6] As a nonparty in the underlying case, Gast has no personal right or interest related to the court's denial of the motion to recuse or its failure to sanction Florida.

We therefore turn to Gast's first assignment of error. Gast assigns that the district court erred in entering judgment against Diederike and against him, because it lacked subject matter jurisdiction. Again, we will not address Gast's claims regarding Diederike, because he cannot assert claims on her behalf. Therefore, we determine only whether the district court had jurisdiction to sanction Gast.

[4] Gast's argument does not contest the finality of the sanctions order. For an appellate court to acquire jurisdiction of an appeal, there must be a judgment, decree, or final order entered by the court from which the appeal is timely taken.[7] When the district court entered the sanctions order,

---

[4] *Despain v. Despain*, 290 Neb. 32, 858 N.W.2d 566 (2015).

[5] *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015).

[6] *Sherman T. v. Karyn N.*, 286 Neb. 468, 837 N.W.2d 746 (2013).

[7] *City of Ashland v. Ashland Salvage*, 271 Neb. 362, 711 N.W.2d 861 (2006).

- 405 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE OF FLORIDA v. COUNTRYWIDE TRUCK INS. AGENCY
Cite as 294 Neb. 400

the court had already disposed of all of the claims raised in the underlying litigation. Thus, the sanctions order was final and appealable.[8]

[5] Rather, Gast argues that the district court lacked jurisdiction of the underlying dispute. He premises the lack of the district court's jurisdiction on the probate court's discharge of Florida's claim against Fulkerson. He then argues that Fulkerson's estate was a necessary party. He does not make any argument regarding the sanctions order in his brief. But through his challenge to the district court's jurisdiction in the underlying case, he impliedly argues that the district court lacked jurisdiction to sanction him. And, of course, where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction.[9]

We conclude that whether the district court had jurisdiction in the underlying case is irrelevant, because the district court had jurisdiction to sanction Gast. We are persuaded by the U.S. Supreme Court's analysis in *Willy v. Coastal Corp.*,[10] where the Court held that a federal district court order sanctioning an attorney pursuant to Fed. R. Civ. P. 11 may stand, even where it is later determined that the district court lacked subject matter jurisdiction over the underlying case. The Court reasoned that attorney sanctions are authorized by the Federal Rules of Civil Procedure and that they are collateral to the merits of the case. It stated: "'[An] imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'"[11] It also

---

[8] See *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

[9] *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999).

[10] *Willy v. Coastal Corp.*, 503 U.S. 131, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992).

[11] *Id.*, 503 U.S. at 138 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)).

- 406 -

Nebraska Supreme Court Advance Sheets
294 Nebraska Reports
STATE OF FLORIDA v. COUNTRYWIDE TRUCK INS. AGENCY
Cite as 294 Neb. 400

reasoned that "the maintenance of orderly procedure" justifies upholding the sanction.[12]

The Supreme Court's reasoning in *Willy* applies to sanctions imposed on attorneys pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2008). This section authorizes district courts to assess attorney fees against an attorney "who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith."[13] Like Fed. R. Civ. P. 11, an award of attorney fees under § 25-824 does not adjudicate the merits of the case. Rather, it reflects the court's determination that the attorney abused the judicial process by pursuing a claim that is frivolous or made in bad faith.

[6] We hold that where an attorney pursues a motion for recusal that is frivolous or made in bad faith, the district court has jurisdiction to enter a sanction under § 25-824 when it is timely requested, regardless of whether the district court lacked jurisdiction to adjudicate the merits of the underlying dispute. Accordingly, we conclude that the district court had jurisdiction to sanction Gast.

[7] Gast does not question the factual basis for the sanction or the amount of the sanction imposed. To be considered by an appellate court, an error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[14] Thus, we do not consider either of these matters.

## VI. CONCLUSION

The district court had jurisdiction to sanction Gast for filing a frivolous motion. We therefore affirm the court's order.

Affirmed.

Connolly, J., not participating.

---

[12] *Id.*, 503 U.S. at 137.

[13] § 25-824(2).

[14] *In re Claims Against Pierce Elevator*, 291 Neb. 798, 868 N.W.2d 781 (2015).