Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. William E. Gast, respondent.
___ N.W.2d ___

Filed November 9, 2017.    No. S-17-318.

1. **Disciplinary Proceedings.** A proceeding to discipline an attorney is a trial de novo on the record.
2. \_\_\_\_. The Nebraska Supreme Court evaluates each attorney discipline case in light of its particular facts and circumstances.
3. \_\_\_\_. To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.
4. \_\_\_\_. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as all aggravating or mitigating factors.
5. \_\_\_\_. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.
6. **Judgments: Records: Judicial Notice.** A court has the right to examine its own records and take judicial notice of its own proceedings and judgments in a former action.
7. **Disciplinary Proceedings.** Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline indicate a disrespect for the Nebraska Supreme Court's disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice.

8. ____. An attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline is an important matter and is a threat to the credibility of attorney disciplinary proceedings. The failure to respond to formal charges in the Nebraska Supreme Court is of even greater moment.

Original action. Judgment of suspension.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

PER CURIAM.

## INTRODUCTION

This original proceeding arises from formal charges filed by the Counsel for Discipline (Relator) against attorney William E. Gast. Relator alleges violations of the Nebraska Rules of Professional Conduct and Gast's oath of office as an attorney arising from (1) the unauthorized practice of law and (2) frivolous pleadings. We granted Relator's motion for judgment on the pleadings pursuant to Neb. Ct. R. § 3-310(I) (rev. 2014), and the facts alleged in the formal charges are deemed admitted. Thus, the only issue we must determine is the appropriate discipline to be imposed. Given the facts and circumstances of this case, we adopt Relator's recommended sanction of an indefinite period of suspension of at least 1 year, with reinstatement conditioned on Gast's demonstrating his fitness to practice law and addressing the circumstances of the instant violations. Such sanction shall run consecutively to the suspension previously imposed by this court.

## BACKGROUND

Gast was admitted to the practice of law in the State of Nebraska on January 22, 1973. At all times relevant to these

proceedings, Gast was engaged in the practice of law in Nebraska. This disciplinary proceeding results from formal charges filed by Relator on March 24, 2017. See Neb. Ct. R. § 3-309(H) (rev. 2011).

The undisputed formal charges allege that Gast (1) engaged in the unauthorized practice of law in violation of (a) Neb. Ct. R. of Prof. Cond. §§ 3-501.4 (failure to communicate with his client about her case and his suspension), (b) 3-501.16 (failure to withdraw after suspension), (c) 3-505.5 (rev. 2012) (practicing law while suspended), and (d) 3-508.4(d) (engaging in conduct prejudicial to administration of justice) and (2) filed frivolous pleadings in violation of (a) Neb. Ct. R. of Prof. Cond. §§ 3-503.1 (meritorious claims and contentions) and (b) 3-508.4(d) (engaging in conduct prejudicial to administration of justice). The formal charges further allege that Gast's acts and omissions violated his oath of office as an attorney licensed to practice law in Nebraska. See Neb. Rev. Stat. § 7-104 (Reissue 2012).

## Unauthorized Practice of Law

On June 30, 2015, Gast's license to practice law in Nebraska was suspended because Gast failed to report his mandatory continuing legal education (MCLE) requirements and failed to pay his mandatory assessment to the Attorney Services Division.

Gast had previously filed suit on behalf of Connie Surber in the district court for Douglas County in case No. CI14-7634. Although Gast had actual knowledge that his license was administratively suspended on June 30, 2015, he continued to represent Surber in that case and did not inform her that his license had been suspended. Gast did not withdraw from representing Surber in the district court and did not notify the district court and opposing counsel of his suspension.

Gast's license was later reinstated on January 22, 2016, after he complied with his MCLE requirements and paid the appropriate assessment.

On September 9, 2016, Gast sent a letter informing Relator that he had represented Surber during his suspension, between June 30, 2015, and January 22, 2016. Gast sent the letter after opposing counsel in Surber's case discovered that Gast's license had been suspended during a time Gast represented Surber and informed Gast that he would report Gast's conduct if Gast did not.

According to the formal charges, on September 9, 2016, Relator sent the following email to Gast:

"Mr. Gast,

"Thank you for your email and letter. I will open a new disciplinary grievance based on your self-report of your possible unauthorized practice of law during your suspension. Please send me copies of all letters and emails you sent regarding . . . Surber's case between July 1, 2015 and January 22, 2016, when you were reinstated to practice law. If you have any time records regarding your representation of . . . Surber during your suspension, please provide those. Please state whether you informed your client that your license was suspended, and if so, state the date when you did so. I will probably need additional information as we go forward, but we can start with this for now.

"Thank you for your cooperation in this matter."

Gast did not respond to the email.

On September 15, 2016, Relator sent a certified letter to Gast informing him that an investigation had been opened regarding his unauthorized practice of law. The letter directed Gast to submit an appropriate written response within the next 15 working days. See § 3-309(E). Gast signed for the certified letter on September 22, but he did not submit a written response.

On November 17, 2016, Relator sent a followup email to Gast directing him to file his response to the certified letter. On November 21, Gast sent a reply email stating that he would

send his written response "'asap,'" but he did not submit any such written response.

Because Gast did not submit a response to Relator, on December 13, 2016, Relator sent a followup email to Gast directing him to immediately file a response to the September 15 certified letter or an application for the temporary suspension of his license to practice law would be filed. Gast did not file any such response, so on January 12, 2017, the "Chair of the District Four Committee on Inquiry" filed an application for the temporary suspension of Gast's license to practice law. The application was docketed as case No. S-17-052.

On January 26, 2017, we issued an order to show cause in case No. S-17-052, directing Gast to show cause within 7 days after receipt of the order why we should not enter an order temporarily suspending his license to practice law in Nebraska. That order was delivered to Gast by certified mail, and Gast signed for it on January 28. Gast did not file a response to the order to show cause.

On February 15, 2017, we suspended Gast from the practice of law in the State of Nebraska until further order. Relator filed these formal charges on March 24.

On May 19, 2017, we issued our decision in another disciplinary matter involving Gast, his only previous discipline for violating the Rules of Professional Conduct. See *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017). That disciplinary matter includes facts relevant to the current charges for the unauthorized practice of law.

The previous disciplinary matter commenced in November 2014, when a grievance was filed with Relator against Gast based on a series of communications he sent to Douglas County District Court Judge Peter C. Bataillon in the course of litigating *State of Florida v. Countrywide Truck Ins. Agency*, 294 Neb. 400, 883 N.W.2d 69 (2016), a lengthy and complicated case, referred to here as the "*Florida v. Countrywide Truck* litigation," which began in January 1998.

The private communications urged Judge Bataillon to rule based on improper and legally irrelevant grounds. Relator ultimately filed formal charges on September 1, 2015, alleging that Gast violated the Rules of Professional Conduct and his oath of office when he sought to influence the judge by means prohibited by law and made statements with reckless disregard for truth or falsity regarding the integrity of the judge.

According to the record before this court in *State ex rel. Counsel for Dis. v. Gast, supra*, in June 2016, Gast gave sworn testimony at the formal hearing regarding his suspension in 2015, the period during which the current formal charges allege he engaged in the unauthorized practice of law. Gast stated that he failed to pay his dues because he was depressed at the time and he "was not [him]self" due to the "way [he] was being treated" in matters relating to the *Florida v. Countrywide Truck* litigation. Gast further explained that he did not have the money to pay his $98 dues, because he had not been paid in the *Florida v. Countrywide Truck* litigation since 2009 and he did not have many other cases. He testified that he accepted these consequences to be a "zealous advocate" for his client. Regarding the unreported MCLE requirements, Gast again stated that he "just wasn't [him]self" at the time and referred to his frustrations with the *Florida v. Countrywide Truck* litigation. Gast denied representing any clients as of July 1, 2015, when he learned of his suspension for failure to pay dues and to report MCLE requirements, and he testified that he notified his clients of his suspension.

In *State ex rel. Counsel for Dis. v. Gast, supra*, we suspended Gast from the practice of law for a period of 1 year retroactive to March 3, 2017, to be followed by a period of 2 years' probation upon reinstatement.

### Frivolous Pleadings

The frivolous pleadings charge also relates to the *Florida v. Countrywide Truck* litigation. At all relevant times, Gast represented two of the defendants in that case.

As mentioned above, the case was filed in the district court for Douglas County in January 1998; Gast entered his appearance in February 2002. The case was appealed to this court multiple times. See, *State of Florida v. Countrywide Truck Ins. Agency*, 275 Neb. 842, 749 N.W.2d 894 (2008); *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005); *State of Florida v. Countrywide Truck Ins. Agency*, 258 Neb. 113, 602 N.W.2d 432 (1999).

On May 12, 2015, the district court, Judge Bataillon presiding, entered judgment for the plaintiff. According to the formal charges, on May 29, the district court entered an order finding that Gast filed several frivolous actions over the course of the litigation:

"a. As to the Defendant's [unsuccessful] Motion for Recusal of June 2004, and the subsequent [unsuccessful] appeal to the Nebraska Supreme Court, . . . this Court finds that this was a frivolous action by . . . Gast, however, this Court awards no fees as the Supreme Court was in the best position to award fees and did not do so. [See *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005).]

"b. After the initial trial in this matter in 2006, the [Defendants] appealed this Court's directed verdict for the Plaintiff to the Nebraska Supreme Court. The Nebraska Supreme Court reversed the directed verdict decision by this Court and remanded for a new trial. [See *State of Florida v. Countrywide Truck Ins. Agency*, 275 Neb. 842, 749 N.W.2d 894 (2008).] . . . Thereafter, . . . Gast filed Motions requesting this Court to limit the issues to be tried. This Court refused these requests as the Mandate and the opinion of the Nebraska Supreme Court did not so direct. Thereafter, . . . Gast [unsuccessfully] appealed the decision by a Writ of Mandamus against this Court. . . . This Court finds that these actions by . . . Gast [were] frivolous, however, this Court awards no fees as

the Nebraska Supreme Court was in the best position to award fees and did not do so.

"c. On October 4, 2014, . . . Gast filed a Motion for this Court to Recuse itself because of some relationship/ friendship this Court had with Plaintiff's counsel. . . . This Court finds that this Motion for Recusal was groundless and frivolous. . . ."

The district court sanctioned Gast for the frivolous motion to recuse filed in 2014 by entering judgment for the plaintiff for costs in the amount of $15,000, to be paid personally by Gast.

Gast filed an appeal of the sanction order on June 5, 2015. On August 5, 2016, we affirmed the district court's sanction order against Gast. See *State of Florida v. Countrywide Truck Ins. Agency*, 294 Neb. 400, 883 N.W.2d 69 (2016). We determined that the district court had jurisdiction to sanction Gast, but we did not examine the factual basis for the sanction, because Gast did not question it.

As noted above, we later suspended Gast from the practice of law after Relator made formal charges arising from Gast's communications with Judge Bataillon in the *Florida v. Countrywide Truck* litigation, but those charges did not address the frivolousness of any claims. See *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017).

Now with the current formal charges, Relator seeks disciplinary sanctions against Gast for rule violations associated with filing frivolous pleadings.

JUDGMENT ON PLEADINGS AND
RELATOR'S RECOMMENDATION

On March 28, 2017, Gast signed a document acknowledging receipt of the summons and formal charges, which had been filed on March 24. However, Gast failed to file an answer to the formal charges.

On May 4, 2017, Relator filed a motion for judgment on the pleadings, and on May 30, we granted the motion,

limited to facts. We directed the parties to brief the issue of discipline.

Gast did not file a brief.

Relator's brief recommends that we sanction Gast with an indefinite suspension of his license to practice law for a minimum of 1 year. Relator's brief further recommends that any application for reinstatement filed by Gast after the minimum suspension period should include a showing under oath which demonstrates his fitness to practice law and fully addresses the circumstances of the instant violations.

Relator bases its recommendation upon the uncontroverted allegations of misconduct, Gast's prior disciplinary record, and similar cases. Relator further notes that in the absence of responses from Gast, there is no evidence of why he engaged in misconduct and no evidence of mitigating factors.

## STANDARD OF REVIEW

[1] A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Tonderum*, 286 Neb. 942, 840 N.W.2d 487 (2013).

## ANALYSIS

In this disciplinary matter, Gast faces formal charges stemming from the unauthorized practice of law and frivolous pleadings. Because we granted judgment on the pleadings as to the facts, the only issue before us is the appropriate discipline. See *id*. Having examined the facts and circumstances of this case in conjunction with other pertinent considerations, we agree with Relator's recommendation.

[2-5] We evaluate each attorney discipline case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Carbullido*, 278 Neb. 721, 773 N.W.2d 141 (2009). To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of

the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id*. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding, as well as all aggravating or mitigating factors. *Id*. The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases. *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017).

[6] This decision represents the second time we have imposed disciplinary sanctions against Gast this year, following several decades with no disciplinary intervention. A court has the right to examine its own records and take judicial notice of its own proceedings and judgments in a former action. *Burns v. Burns*, 296 Neb. 184, 892 N.W.2d 135 (2017). Thus, in addition to the current formal charges, in our de novo review we consider the relevant facts from Gast's previous disciplinary proceedings, as well as the aggravating nature of his previous disciplinary offenses. See, *State ex rel. Counsel for Dis. v. Lopez Wilson*, 283 Neb. 616, 811 N.W.2d 673 (2012); *State ex rel. Counsel for Dis. v. Ellis*, 283 Neb. 329, 808 N.W.2d 634 (2012).

In the previous disciplinary matter, Gast's behavior toward a sitting judge showed disrespect for the judicial process, and we find this to be an aggravating factor.

In addition, we consider the formal hearing for the previous disciplinary matter, where Gast denied under oath that he represented any clients after learning of his administrative suspension for failure to pay dues and to report MCLE requirements and testified that he notified his clients of his suspension. This testimony conflicts with the current formal charges that Gast continued to represent Surber and failed to withdraw or to inform her or the court of his administrative suspension. Although Relator did not raise this discrepancy

in the current formal charges, it does not weigh favorably for Gast.

Relator charges Gast with the unauthorized practice of law in Surber's case, a case distinct from the *Florida v. Countrywide Truck* litigation for which he was previously sanctioned. This represents a pattern of noncompliance with our disciplinary rules, and cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions. See *State ex rel. Counsel for Dis. v. Gast, supra.* And we have said that ordinarily, cumulative acts of misconduct can, and often do, lead to disbarment. See *State ex rel. Counsel for Dis. v. Carbullido*, 278 Neb. 721, 773 N.W.2d 141 (2009).

On the other hand, there is mitigating evidence that Gast failed to pay his dues and comply with MCLE requirements because he was financially and emotionally overwhelmed by the *Florida v. Countrywide Truck* litigation. And there is no evidence that Gast harmed his client, Surber. However, the cumulative nature of Gast's past and present violations suggests a risk of future harm and necessitates a sanction that protects the public and maintains the reputation of the bar as a whole.

The second charge of misconduct raised by Relator involves instances of frivolous claims or filings by Gast in the course of the *Florida v. Countrywide Truck* litigation. We note that one such filing involved a frivolous motion to recuse, for which the district court sanctioned Gast.

[7,8] Gast's lack of participation in the disciplinary process is also a factor in our analysis. Responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline indicate a disrespect for our disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice. *State ex rel. Counsel for Dis. v. Tighe*, 295 Neb. 30, 886 N.W.2d 530 (2016). An attorney's failure

to respond to inquiries and requests for information from the Counsel for Discipline is an important matter and is a threat to the credibility of attorney disciplinary proceedings. *State ex rel. Counsel for Dis. v. Wickenkamp*, 277 Neb. 16, 759 N.W.2d 492 (2009). The failure to respond to formal charges in this court is of even greater moment. *Id.*

In the present disciplinary process, Gast has failed to correspond with Relator, to respond to the formal charges, and to brief the issue of discipline as directed by this court. These facts do not reflect positively on Gast's attitude and lead us to question his respect for this court's disciplinary jurisdiction. See *State ex rel. Counsel for Dis. v. Carbullido, supra*. And although Gast initially self-reported his unauthorized practice of law, this fact has little mitigating impact, because Gast was prompted to self-report by opposing counsel's ultimatum and effectively did not participate in the disciplinary process thereafter. Consequently, Gast sacrificed the opportunity to enlighten us about any additional mitigating factors or his current or future fitness to practice law. See *State ex rel. Counsel for Dis. v. Tonderum*, 286 Neb. 942, 840 N.W.2d 487 (2013). Under such circumstances, we have declined to disbar the attorney and instead imposed an indefinite suspension. *Id.* But we caution the bar that failing to participate in the disciplinary process is a very serious matter.

Finally, we consider the appropriate sanction with reference to the sanctions imposed in prior similar cases. See *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017). Prior cases, though factually unique, offer some insight. See, e.g., *State ex rel. Counsel for Dis. v. Keith*, 286 Neb. 551, 840 N.W.2d 456 (2013) (suspended for approximately 4 months pursuant to terms of conditional admission for continuing to represent client after suspension for failure to pay bar dues); *State ex rel. Counsel for Dis. v. Carbullido*, 278 Neb. 721, 773 N.W.2d 141 (2009) (disbarment for successive instances of unauthorized practice of law, multiple

convictions for driving under the influence, and failure to respond to inquiries and charges); *State ex rel. Counsel for Dis. v. Frye*, 278 Neb. 527, 771 N.W.2d 571 (2009) (90-day suspension pursuant to conditional admission for unauthorized practice of law, failure to respond, disciplinary actions in Iowa). We conclude that Relator's recommended sanction for Gast harmonizes with our prior disciplinary cases.

## CONCLUSION

Having considered the facts and circumstances of Gast's case, the prior decisions by this court, and his failure to participate in the disciplinary process, and having weighed Gast's present case in view of his prior disciplinary matter, we adopt Relator's recommended sanction of indefinite suspension from the practice of law for a minimum of 1 year. Such suspension shall run consecutively with the suspension previously imposed by this court and shall commence on March 3, 2018. Any application for reinstatement filed by Gast after the minimum suspension period shall include a showing under oath which demonstrates his fitness to practice law and fully addresses the circumstances of the instant violations.

Gast is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and § 3-310(P) and Neb. Ct. R. § 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.