State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Ralph E. Peppard, respondent.
___ N.W.2d ___

Filed October 2, 2015.    No. S-15-346.

Original action. Judgment of public reprimand.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission filed by Ralph E. Peppard, respondent, on August 31, 2015. The court accepts respondent's conditional admission and enters an order of public reprimand.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 22, 1980. At all relevant times, he was engaged in the private practice of law in Omaha, Nebraska.

On April 21, 2015, the Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent. The formal charges consist of one count against respondent. With respect to the one count, the formal charges generally allege that respondent simultaneously represented parties who had conflicting and adverse interests in the same or similar transaction, as noted by the Court of Appeals

in *In re Estate of Morrell*, 22 Neb. App. 384, 853 N.W.2d 525 (2014). The formal charges state that in 2009, Johanna Morrell began showing early signs of dementia, and on September 13, 2010, Morrell executed a will drafted by an independent attorney leaving her entire estate to her surviving siblings. On October 28, Lee Lorenz filed a petition for appointment of guardian-conservator, requesting that he be appointed guardian-conservator for Morrell. The petition was prepared and submitted by respondent. The formal charges state that respondent stated that he represented Morrell in this proceeding.

On the same day, October 28, 2010, the Department of Health and Human Services, Adult Protective Services (the Department), also filed a petition for appointment of guardian-conservator based upon its investigation regarding Morrell's finances being taken advantage of and her inability to protect herself. The Department requested that Mark Malousek, an attorney, be appointed as Morrell's guardian-conservator. The Department also filed an objection to Lorenz' petition that he be appointed Morrell's guardian-conservator, because the Department was investigating Lorenz for financial exploitation of Morrell. The formal charges state that respondent stated that he represented Lorenz in the Department's investigation. Malousek was appointed temporary guardian-conservator for Morrell on October 28, and he was appointed permanent guardian-conservator in April 2011.

On March 11, 2011, Morrell executed a new will drafted by respondent which left her entire estate to Lorenz.

In January 2012, Morrell passed away. Following her death, Morrell's surviving family members and Lorenz separately filed petitions for probate of the respective September 2010 and March 2011 wills. According to the formal charges, the probate court held separate hearings and determined that Morrell lacked capacity and was subjected to undue influence by Lorenz. In its first order, the court stated that the March 2011 will was invalid and of no force and effect, and then the

court issued a second order that the September 2010 will was validly executed and allowed to be probated.

At the hearings for probating the September 2010 and March 2011 wills, Malousek submitted an affidavit stating that at no time did respondent contact him regarding a new will in 2011, nor did Malousek give consent or authority to participate in any way in the drafting of any will during the entire time he was temporary or permanent guardian-conservator.

Respondent submitted his own affidavit in the probate matter which, according to the formal charges, basically stated the facts as set forth above. Respondent indicated that he represented Morrell in the initial guardian-conservator proceeding. Respondent also stated that he represented Lorenz in a meeting with the Department regarding allegations Lorenz was taking advantage of Morrell as a vulnerable adult and that he also represented Lorenz in a meeting with the Douglas County Attorney involving the same allegations.

In affirming the orders of the trial court upholding the 2010 will and finding the March 2011 will invalid, the Court of Appeals stated:

> [T]he admission of [respondent's] affidavit shows that [respondent] had represented both [Morrell] and Lorenz, indicating that [Morrell] did not have advice from an independent attorney when she executed the March 2011 will. As the trial court found, Lorenz, through his attorney [respondent], sought to influence [Morrell] into changing her will.
>
> Lorenz' evidence also establishes that despite [respondent's] knowing about the Department's investigation into Lorenz' financial exploitation of [Morrell] and despite a temporary guardian-conservator's having been appointed, [respondent] imprudently drafted and executed the March 2011 will for [Morrell], giving all of her estate to the very person whom the Department was trying to protect her from. We find this conduct by a Nebraska lawyer to be deeply troubling.

*In re Estate of Morrell*, 22 Neb. App. 384, 397, 853 N.W.2d 525, 535-36 (2014).

The formal charges allege that by his actions, respondent violated his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and Neb. Ct. R. of Prof. Cond. §§ 3-501.7 (conflict of interest; current clients) and 3-508.4(a) (misconduct).

On August 31, 2015, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313 of the disciplinary rules, in which he conditionally admitted that he violated conduct rule § 3-501.7. In the conditional admission, respondent knowingly and voluntarily waived all proceedings against him in connection to the matters conditionally admitted in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline, stating that respondent's proposed discipline is consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct.

## ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or

matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by his conduct, respondent violated conduct rule § 3-501.7 and his oath of office as an attorney licensed to practice law in the State of Nebraska. Respondent has waived all additional proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publically reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.