Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2020 08:08 AM CDT

- 566 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Brandon B. Hanson, respondent.

___ N.W.2d ___

Filed April 17, 2020.    No. S-19-355.

1. **Disciplinary Proceedings: Appeal and Error.** Attorney discipline cases
   are original proceedings before the Nebraska Supreme Court. As such,
   the court reviews a referee's recommendations de novo on the record,
   reaching a conclusion independent of the referee's findings.
2. **Disciplinary Proceedings: Proof.** Violations of disciplinary rules must
   be established by clear and convincing evidence.
3. **Disciplinary Proceedings.** The basic issues in a disciplinary proceed-
   ing against an attorney are whether discipline should be imposed and,
   if so, the appropriate discipline evaluated under the particular facts and
   circumstances of the case.
4. ____. With respect to the imposition of attorney discipline in an indi-
   vidual case, each attorney discipline case must be evaluated in light of
   its particular facts and circumstances.
5. ____. When no exceptions to the referee's findings of fact in an attorney
   discipline case are filed, the Nebraska Supreme Court may consider the
   referee's findings final and conclusive.
6. **Disciplinary Proceedings: Rules of the Supreme Court.** Under Neb.
   Ct. R. of Prof. Cond. § 3-501.2(c) (rev. 2016), a "Prepared By" notation
   is required only when an attorney actually prepares for a client a plead-
   ing, brief, or other document that is to be filed with the court.
7. **Attorney and Client: Conflict of Interest: Words and Phrases.** The
   phrase "conflict of interest" denotes a situation in which regard for one
   duty tends to lead to disregard of another or where a lawyer's repre-
   sentation of one client is rendered less effective by reason of his or her
   representation of another client.
8. **Disciplinary Proceedings: Rules of the Supreme Court.** The failure
   to include a "Prepared By" notation as required by Neb. Ct. R. of Prof.

- 567 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

Cond. § 3-501.2(c) (rev. 2016) does not itself constitute a violation of Neb. Ct. R. of Prof. Cond. § 3-504.3.

9. **Disciplinary Proceedings: Intent.** Proof of actual intent to deceive or defraud is not required to demonstrate an attorney engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Instead, the focus of the inquiry is on the effect of the lawyer's conduct.

10. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.

11. ____. Each attorney discipline case must be evaluated in light of its particular facts and circumstances. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.

12. ____. In an attorney disciplinary proceeding, it is necessary to consider the discipline that the Nebraska Supreme Court has imposed in cases presenting similar circumstances.

Original action. Judgment of public reprimand.

Julie L. Agena, Deputy Counsel for Discipline, for relator.

Brandon B. Hanson, pro se.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This is an original action brought by the Counsel for Discipline of the Nebraska Supreme Court against attorney Brandon B. Hanson. This action alleges Hanson violated several provisions of the Nebraska Rules of Professional Conduct and his oath as an attorney by preparing legal documents for his girlfriend without including a "Prepared By" notation as required by Neb. Ct. R. of Prof. Cond. § 3-501.2(c) (rev. 2016). At the time, Hanson was employed as the Valley County Attorney and Hanson's girlfriend, a former Valley County employee, was involved in a lawsuit as a self-represented litigant regarding the reasons for her termination from the Valley

- 568 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

County sheriff's office. This is the first time Hanson has been the subject of a disciplinary action.

## BACKGROUND

Hanson was admitted to practice law in Nebraska in 2011 and served as the county attorney for Valley County, Nebraska, from January 2015 to January 2019. At all times relevant to this case, Hanson was engaged in the practice of law in Ord, Nebraska, and in a personal relationship with his girlfriend, C.S. C.S. was previously employed by the Valley County sheriff's office as a jailer/dispatcher, but was involuntarily terminated from her employment in January 2018.

At the time C.S.' employment was terminated, Hanson was running for reelection as the Valley County Attorney in a contested primary election. Hanson's opponent, Kayla Clark, established a campaign social media account on which a private individual, G.B., posted a comment stating C.S. had been terminated from her employment with the sheriff's office because she had been intoxicated at work. G.B. was an active supporter of Clark's political campaign.

In April 2018, C.S., as a self-represented litigant, filed two lawsuits in the Valley County Court against G.B., both related to the social media comment. The documents filed by C.S. contained indexing notations that were consistent with notations on other legal documents that had been prepared by Hanson. On May 2, C.S., as a self-represented litigant, filed an amended complaint and demand for jury trial with the notation "Prepared By: Brandon B. Hanson, NSBA #24675."

On May 29, 2018, the Counsel for Discipline initiated a preliminary inquiry into Hanson's actions. The inquiry came after Clark filed a grievance against Hanson, alleging that Hanson had prepared pleadings for C.S. without including the required notation, which was a concurrent conflict of interest with his position as the Valley County Attorney, and that he had used his political office to harass or intimidate Clark's supporters.

- 569 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

Clark also asserted that if Hanson was representing C.S. in the matter, Hanson had misrepresented that C.S. was a self-represented litigant.

Valley County was not a party to C.S.' lawsuit against G.B. However, on June 5, 2018, G.B. deposed the Valley County sheriff regarding the reason for C.S.' termination of employment and reports made after the termination. Hanson did not enter an appearance, nor did he represent the sheriff at the deposition as the Valley County Attorney. A deputy county attorney for Custer County, Nebraska, was appointed to serve as counsel for the sheriff.

A subpoena was issued for Hanson's deposition, individually, in which G.B. requested Hanson produce legal materials that he produced on behalf of C.S. in the matter. On July 23, 2018, Hanson filed a motion to quash the deposition on the grounds of attorney-client privilege. The motion was sustained after the Valley County Court found that Hanson had prepared legal documents for C.S. in the case and, thus, that an attorney-client privilege existed.

The Counsel for Discipline filed formal charges against Hanson, alleging he violated § 3-501.2(c) (scope of representation and allocation of authority between client and lawyer) and Neb. Ct. R. of Prof. Cond. §§ 3-501.7(a) and (b) (rev. 2019) (conflict of interest and current clients), 3-501.11(c) (special conflicts of interest for former and current government officers and employees), 3-503.3(a) (rev. 2016) (candor toward tribunal), 3-504.3 (dealing with unrepresented person), and 3-508.4(a) and (c) (rev. 2016) (misconduct). The Counsel for Discipline also alleged Hanson violated his oath of office under Neb. Rev. Stat. § 7-104 (Reissue 2012).

In his response to the formal charges, Hanson admitted that he violated § 3-501.2(c) by assisting C.S. in preparing legal documents without including a "Prepared By" notation. Hanson also admitted that the violation constituted misconduct under § 3-508.4(a). Hanson apologized for the error. He

- 570 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

explained that after learning of his mistake, he added the notation in the amended complaint filed May 2, 2018, and stopped providing legal assistance to C.S. in the case. Hanson did not address the allegation that he had violated his oath of office, but denied the remaining allegations.

An evidentiary hearing was held on the charges. The only two witnesses called were Hanson and C.S. The referee found Hanson had violated his oath of office under § 7-104 and the following rules of professional conduct: §§ 3-501.2(c), 3-501.7(a) and (b), 3-504.3, and 3-508.4(a) and (c).

The referee concluded that Hanson had not violated §§ 3-501.11(c) and 3-503.3(a). There was no evidence that Hanson had confidential information regarding C.S.' termination, or information regarding G.B., and there was insufficient evidence to find that Hanson's failure to notify the court of his involvement was misleading.

Regarding sanctions, the referee determined that because Hanson was an elected county attorney, "his assistance to [C.S.] was an abuse of his public office" and "the need to deter others is great." The referee further concluded that self-represented individuals, such as G.B., are "especially vulnerable to . . . Hanson's behind-the-scenes assistance to [C.S.]" The referee recommended Hanson be suspended from the practice of law for a period of 6 months.

Hanson filed six exceptions to the referee's report and recommendation. The relator filed no exceptions.

## ASSIGNMENTS OF ERROR

Hanson admits to violating §§ 3-501.2(c) and 3-508.4(a) by failing to include a "Prepared By" notation. However, he argues that the facts and law do not support finding violations of §§ 3-501.7(a) and (b), 3-504.3, 3-508.4(c) or statements made by the referee regarding the need for sanctions. Hanson also asserts that the recommended 6-month suspension is excessive.

- 571 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

## STANDARD OF REVIEW

[1,2] Attorney discipline cases are original proceedings before the Nebraska Supreme Court.[1] As such, the court reviews a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.[2] Violations of disciplinary rules must be established by clear and convincing evidence.[3]

## ANALYSIS

[3,4] The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline evaluated under the particular facts and circumstances of the case.[4] With respect to the imposition of attorney discipline in an individual case, each attorney discipline case must be evaluated in light of its particular facts and circumstances.[5]

[5] When no exceptions to the referee's findings of fact in an attorney discipline case are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive.[6] Because the relator filed no exceptions, we consider the referee's findings that Hanson did not violate §§ 3-501.11 and 3-503.3 final and conclusive. Likewise, Hanson did not file an exception to the finding that he violated his oath of office. We therefore consider the finding that Hanson violated § 7-104 to be final and conclusive.

---

[1] *State ex rel. Counsel for Dis. v. Chvala*, 304 Neb. 511, 935 N.W.2d 446 (2019).

[2] *Id.*

[3] *Id.*

[4] *State ex rel. Counsel for Dis. v. Jorgenson*, 302 Neb. 188, 922 N.W.2d 753 (2019).

[5] *State ex rel. Counsel for Dis. v. Ubbinga*, 295 Neb. 995, 893 N.W.2d 694 (2017).

[6] *Id.*

- 572 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

*Scope of Representation.*

Section 3-501.2(c) provides:

> A lawyer may prepare pleadings, briefs, and other documents to be filed with the court so long as such filings clearly indicate thereon that said filings are "Prepared By" and the name, business address, and bar number of the lawyer preparing the same. Such actions by the lawyer shall not be deemed an appearance by the lawyer in the case. Any filing prepared under this rule shall be signed by the litigant designated as "pro se," but shall not be signed by the lawyer preparing the filing.

Hanson admits to violating this rule by drafting pleadings and providing legal advice to C.S. regarding her termination of employment from the sheriff's office without including the required "Prepared By" notation. He asserts that he was merely trying to ensure C.S.' documents were well drafted and that his failure to include the notation was an inadvertent mistake. Hanson also notes that after the mistake had been brought to his attention, he corrected it on the amended complaint and terminated his assistance to C.S. Although we find that Hanson's failure to include the required notation was unintentional, he clearly violated § 3-501.2(c).

[6] This court is mindful of the increase in self-represented litigants and the need for limited scope representation. Attorneys who are willing to answer questions, discuss the information required on court forms, and provide advice on how to draft and file legal documents provide an invaluable resource in promoting greater access to justice. We are not suggesting that § 3-501.2(c) requires a "Prepared By" stamp every time a lawyer assists a self-represented litigant in this way. Rather, under § 3-501.2(c), a "Prepared By" notation is required only when an attorney actually prepares for a client a pleading, brief, or other document that is to be filed with the court. Here, however, Hanson's involvement was not limited in this way. He does not dispute that he actually prepared the

- 573 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

documents in question or that an attorney-client privilege relationship existed.

*Conflict of Interest.*

Under § 3-501.7(a),

a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Section 3-501.7(b) provides:

Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

The referee found Hanson's representation of C.S. was a conflict of interest and, thus, a violation of § 3-501.7(a) and (b). The referee determined that Hanson had represented C.S. as a client, based on Hanson's assertion of attorney-client privilege. The referee further found that this representation was a concurrent conflict of interest with Hanson's employment as the Valley County Attorney. The referee noted that Valley

- 574 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

County was not a party to C.S.' lawsuit against G.B. However, the referee concluded that preparing pleadings for C.S. and advising her posed a significant risk that Hanson's representation of the county would be materially limited by his duty to C.S., because the lawsuits involved the reasons for C.S.' termination from the Valley County sheriff's office.

Hanson filed an exception to the referee's finding that a conflict of interest existed. Hanson asserted that no conflict of interest existed, because the relevant lawsuit was not against Valley County; the lawsuit was between two private individuals, C.S. and G.B. At oral argument, however, Hanson acknowledged that his assistance to C.S. was likely a conflict of interest with his duties as the Valley County Attorney.

[7] The phrase "conflict of interest" denotes a situation in which regard for one duty tends to lead to disregard of another or where a lawyer's representation of one client is rendered less effective by reason of his or her representation of another client.[7] Hanson testified that as the county attorney, he provided advice to county agencies and their officials and spoke to the sheriff about general employment issues. He also admitted to assisting C.S. with advice about pleading theories and courtroom decorum in regard to the lawsuits.

While Valley County was not a party to the lawsuit, the underlying issues focused on C.S.' termination from the Valley County sheriff's office and subsequent statements made regarding her termination. Further, the Valley County sheriff was deposed during the litigation, and outside counsel had been appointed. Based on the evidence presented, along with Hanson's own admissions, we find there is clear and convincing evidence demonstrating that Hanson's assistance to C.S. was a concurrent conflict of interest with his representation of Valley County, in violation of § 3-501.7(a) and (b).

---

[7] *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017).

- 575 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

*Dealing With Unrepresented Persons.*

Section 3-504.3 provides, in relevant part:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

Hanson argues that failing to include the "Prepared By" notation does not constitute a statement of disinterest. He further asserts that § 3-504.3 was not violated, because he made no statements to G.B. regarding the case and had no personal interaction with G.B. to imply that he was disinterested.

The referee found that Hanson's failure to include the notation was unintentional and that when Hanson learned of the failure, he corrected the error. But the referee concluded that Hanson violated § 3-504.3 after finding Hanson had not notified G.B. that he was assisting C.S. until he filed the motion to quash deposition. The referee reasoned that Hanson had an affirmative duty to inform G.B. of his involvement and that his failure to do so caused the lawsuit to proceed in a "fundamentally unfair manner" for G.B. However, the record demonstrates G.B. was aware of Hanson's involvement before the subpoena for deposition was issued.

The initial complaint regarding the lawsuit between C.S. and G.B. was filed on April 9, 2018. G.B. was notified of Hanson's involvement on May 2, when, after learning of his error, Hanson included the following notation on the amended complaint: "Prepared By: Brandon B. Hanson, NSBA #24675." Hanson's motion to quash deposition was not filed until July 23. G.B. was clearly aware of Hanson's assistance to C.S. prior to Hanson's assertion of attorney-client privilege, because the subpoena for deposition issued by G.B. requested that

- 576 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

Hanson bring the legal documents he had prepared for C.S. to the deposition.

Moreover, the American Bar Association (ABA) has advised that an attorney's failure to disclose behind-the-scenes assistance to a pro se litigant "will not secure unwarranted 'special treatment' for that litigant or otherwise unfairly prejudice other parties to the proceeding."[8] The ABA has stated that in the absence of a law requiring disclosure, "[a] lawyer may provide legal assistance to litigants appearing before tribunals 'pro se' and help them prepare written submissions without disclosing or ensuring the disclosure of the nature or extent of such assistance."[9]

[8] In this case, there was no evidence presented to refute Hanson's claim that he neither made statements to G.B. regarding the case nor had personal interaction with G.B. The failure to include a "Prepared By" notation does not itself constitute a violation of § 3-504.3. Therefore, we find that the evidence presented does not establish a violation of § 3-504.3.

*Misconduct.*

Pursuant to § 3-508.4, it is professional misconduct for a lawyer to "(a) violate or attempt to violate the Rules of Professional Conduct[,] knowingly assist or induce another to do so or do so through the acts of another; [or] (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Hanson admits that failing to include a "Prepared By" notation constitutes misconduct under § 3-508.4(a), but denies violating § 3-508.4(c). He asserts that he merely forgot to include the notation and that he had no intent to mislead, be dishonest, or otherwise be deceitful.

---

[8] ABA Comm. on Ethics & Prof. Responsibility, Formal Op. 07-446 at 3 (2007) (discussing undisclosed legal assistance to pro se litigants).

[9] *Id.*, Formal Op. 07-446 at 1.

- 577 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

The referee found Hanson had violated both subsections (a) and (c) of § 3-508.4. The referee concluded that Hanson's failure to notify G.B. of his attorney-client relationship until being issued a subpoena constituted misrepresentation under § 3-508.4(c).

[9] This court has held that proof of actual intent to deceive or defraud is not required to demonstrate an attorney engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.[10] Instead, "[t]he focus of the inquiry is on the effect of the lawyer's conduct . . . ."[11]

In this case, there was no evidence presented to show that G.B. was unaware of Hanson's assistance to C.S. Further, as discussed above, the record refutes the referee's conclusion that Hanson failed to notify G.B. of his involvement prior to being issued a subpoena.

We find that Hanson violated § 3-508.4(a) by failing to include the required notation, but we further conclude that there is insufficient evidence to demonstrate Hanson violated § 3-508.4(c). This conclusion is supported by the ABA's Formal Opinion 07-446,[12] in which the ABA opined that an attorney's failure to disclose the preparation of documents for a pro se litigant does not constitute conduct involving dishonesty, fraud, deceit, or misrepresentation.

*Sanctions.*

[10] The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances.[13] Neb. Ct.

---

[10] *State ex rel. Special Counsel for Dis. v. Shapiro*, 266 Neb. 328, 665 N.W.2d 615 (2003).

[11] *Id.* at 336, 665 N.W.2d at 623.

[12] Formal Op. 07-446, *supra* note 8.

[13] *State ex rel. Counsel for Dis. v. Ubbinga, supra* note 5.

- 578 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:

> (A) Misconduct shall be grounds for:
> (1) Disbarment by the Court; or
> (2) Suspension by the Court; or
> (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
> (4) Censure and reprimand by the Court; or
> (5) Temporary suspension by the Court; or
> (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
> (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.[14]

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.[15]

[11] As stated above, each attorney discipline case must be evaluated in light of its particular facts and circumstances.[16] For purposes of determining the proper discipline of an attorney, we consider the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.[17]

In this case, the evidence establishes that while he was the county attorney for Valley County, Hanson produced legal documents for C.S., his self-represented girlfriend, without

---

[14] See, also, Neb. Ct. R. § 3-310(N) (rev. 2019).

[15] *State ex rel. Counsel for Dis. v. Ubbinga, supra* note 5.

[16] *State ex rel. Counsel for Dis. v. Pivovar*, 288 Neb. 186, 846 N.W.2d 655 (2014).

[17] *State ex rel. Counsel for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017).

- 579 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

including a "Prepared By" notation as required by § 3-501.2(c). The legal documents were filed by C.S. in the county court for Valley County between April 9 and May 2, 2018. While Valley County was not a party to the lawsuit, a concurrent conflict of interest existed because the issues involved focused on the reasons for C.S.' termination from the Valley County sheriff's office.

As mitigating factors, we note that Hanson has had no prior disciplinary complaints; he was cooperative throughout these disciplinary proceedings; he has accepted responsibility for his actions; and there was no evidence of harm to Valley County, G.B., or C.S. We also find, as did the referee, that Hanson is fit to practice law, his violations were unintentional and arose from an isolated incident, he corrected his error when it was brought to his attention, and he appears to have learned his lesson. Notably, we find no aggravating factors.

[12] We have said that it is necessary to consider the discipline that we have imposed in cases presenting similar circumstances.[18] For cases involving conflicts of interest and no other violations, the relator correctly notes that this court has generally imposed just a public reprimand.[19] While this case also involves the violation of § 3-501.2(c), we recognize the violation was unintentional, and we have no comparative cases, because the failure to include a "Prepared By" notation is an issue of first impression in Nebraska.

Taking into account all of the mitigating factors, the absence of aggravating factors, the short period of time during which the violations occurred, and the unique nature of this case, we determine that the appropriate sanction is a public reprimand.

---

[18] *State ex rel. Counsel for Dis. v. Seyler*, 283 Neb. 401, 809 N.W.2d 766 (2012).

[19] See, *State ex rel. Counsel for Dis. v. Peppard*, 291 Neb. 948, 869 N.W.2d 700 (2015); *State ex rel. NSBA v. Frank*, 262 Neb. 299, 631 N.W.2d 485 (2001).

- 580 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. HANSON
Cite as 305 Neb. 566

## CONCLUSION

This court finds by clear and convincing evidence that Hanson violated his oath of office and §§ 3-501.2(c), 3-501.7(a) and (b), and 3-508.4(a) of the Nebraska Rules of Professional Conduct. It is the judgment of this court that Hanson should be, and hereby is, publicly reprimanded. Hanson is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and § 3-310(P) and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.